UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GAILANN V. GREEN,

                       Plaintiff,         Case No. 7:15-CV-0157 (GTS)

v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CONBOY, McKAY, BACHMAN<br>& KENDALL, LLP<br>  Counsel for Plaintiff<br>307 State Street<br>Carthage, NY 13619 | LAWRENCE D. HASSELER, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF GEN. COUNSEL–REGION II<br>  Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | JOANNE JACKSON PENGELLY, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Gailann Green ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") seeking Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1383(c), are the parties' motions for judgment on the pleadings. (Dkt. Nos. 13, 21.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on October 26, 1970. She completed a ninth grade education. Her employment history is minimal. Generally, her alleged disability consists of the following: lower back injury, degenerative disc disease, spinal nerve damage, neck injury, depression, anxiety, and post-traumatic stress disorder ("PTSD"). Plaintiff's alleged disability onset date is July 1, 2009.

### B. Relevant Procedural History

On February 10, 2011, Plaintiff applied for Supplementary Security Income benefits under Title XVI. Her application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On December 17, 2012, Plaintiff appeared before the ALJ, Bruce S. Fein. (T. 127.) On March 14, 2013, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 91.) On December 19, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 2.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 94-103.) First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date. (T. 96.) Second, the ALJ found that Plaintiff's degenerative disc disease of the cervical and lumbar spine, major depressive disorder, PTSD, and alcohol dependence (in remission) were severe impairments. (*Id*.) Third, the ALJ

found that Plaintiff's impairments do not meet or equal the severity of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (T. 97.) Fourth, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to do the following: lift or carry twenty pounds occasionally and ten pounds frequently; stand or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl; and perform simple, unskilled work activity on a sustained basis. (T. 98.) Fifth, the ALJ found that none of Plaintiff's past work had been sustained long enough to be performed at levels of substantial gainful employment, and therefore Plaintiff had no past relevant work. (T. 102.) Sixth, and finally, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and therefore she was not disabled. (T. 102-03.)

## II. THE PARTIES' BRIEFINGS ON THE ALJ'S DECISION

### A. Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ failed to properly apply the treating physician rule by giving limited weight to the opinion of Dr. Miriam Asar, M.D. (Dkt. No. 13 at 12 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ erred in finding that she does not have an impairment or combination of impairments that meets or medically equals a listing. (*Id.* at 11.) Third, and finally, Plaintiff argues that the ALJ failed to properly assess her RFC. (*Id.* at 15.)

### B. Defendant's Arguments

Defendant makes three arguments in support of her motion for judgment on the pleadings. First, Defendant argues that the ALJ properly applied the treating physician rule. (Dkt. No. 21 at 14 [Def.'s Mem. of Law].) Second, Defendant argues that Plaintiff's symptoms

did not meet the listed criteria for affective disorders (i.e. those stated in Listing 12.04). (*Id.* at 5.) Third, Defendant argues that the ALJ properly assessed Plaintiff's RFC because it was supported by substantial evidence. (*Id.* at 8.)

## III.    RELEVANT LEGAL STANDARDS

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides,

because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past

> work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ Failed to Properly Apply the Treating Physician Rule

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 21 at 14-17 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Plaintiff argues that the ALJ did not follow the treating physician rule contained in 20 C.F.R. § 404.1527(c)(2). (Dkt. No. 13 at 15 [Pl.'s Mem. of Law].) That regulation states in part that the ALJ shall give a treating source's opinion "controlling weight" if it is supported by "medically acceptable clinical and laboratory diagnostic techniques," and is "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the opinion is not afforded controlling weight, the ALJ must determine the proper weight by considering (1) the length, nature, and extent of the treatment relationship, (2) how well the medical source supports his or her opinion with evidence, (3) how consistent the opinion is with regard to the entire record, (4) whether the source had a relevant specialization, and (5) any other relevant factors. 20 C.F.R. § 404.1527(c). When assigning weight to the opinion of a medical source other than a treating physician, an ALJ must still consider the opinion's supportability, its consistency with the record, the medical source's specialization, any examining relationship that existed, and any other relevant evidence. 20 C.F.R. § 404.1527(c)(1)-(6).

6

Here, the ALJ gave limited weight to the November 2012 statement of Plaintiff's treating physician Dr. Asar, because "it is not supported by treatment notes from her office." (T. 99.) While Plaintiff has provided documents prepared by Dr. Asar and Dr. Boby Oommen, M.D., after March 2013, the opinions stated in those documents were rendered after the ALJ rendered his decision, and thus, as the Appeal's Council noted, have no bearing on whether Plaintiff was disabled from the date of the application (in February 2011) to the date of the decision (in March 2011). (T. 3.) To be considered, the new evidence must relate to "the period on or before" the ALJ's decision. *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). The new evidence in this case consists entirely of treatment and symptoms occurring, or opinions issued, after the ALJ's decision, and therefore does not relate to the period on or before it. *See Perez*, 77 F.3d at 47.

Dr. Asar's November 2012 opinion, which is the only opinion by Dr. Asar that can be considered, is unsupported by her own treatment notes, and is contradicted by itself, Dr. Asar's own treatment notes, and Plaintiff's statements.

Dr. Asar stated that Plaintiff had moderate limitations in her ability to understand and remember simple instructions, but only mild limitations in her ability to understand and remember complex instructions. (T. 721.) She also stated that Plaintiff has a marked limitation in "respond[ing] appropriately to changes in a routine work setting," but only moderate limitation in "respond[ing] appropriately to usual work situations *and to changes in a routine work setting*." (T. 722 [emphasis added].) The only other "marked" limitation in Dr. Asar's statement was a limitation in interacting appropriately with co-workers. (T. 722.) This finding is inconsistent with Dr. Asar's finding of only moderate limitation in interacting with supervisors and the public. (*Id.*) Because these opinions are internally inconsistent, it was not error for the ALJ to accord little weight to them.

7

Not only are the above described opinions inconsistent, they are contradicted by Plaintiff's own statements. Although Dr. Asar's treatment notes show that, in December 2012, Plaintiff claimed to have had social anxiety "ever since 'I can't remember'" (T. 725), Plaintiff's report of her own symptoms to New York State Office of Temporary and Disability Assistance, dated February 3, 2011, fail to mention her alleged anxiety about being around people (T. 251-58). Plaintiff reported that the reason she is uncomfortable going out alone is that she is afraid of falling, not because of any difficulty with people or crowds. (T. 254.) Plaintiff also stated that she could follow spoken and written instructions, that she has no problem paying attention, and that she has no problems getting along with "bosses, teachers, police, landlords or other people in authority." (T. 257.) In a different disability form, Plaintiff denied having any problems getting along with others, and she admitted that she goes to the mall or grocery store between once a week and once a month. (T. 285.) Nowhere in this document does she report any difficulty with the public.

Given these inconsistencies and contradictions, the ALJ was not required by the treating physician rule to afford Dr. Asar's opinion controlling weight. Insofar as the ALJ did not explicitly recite the factors set forth in the regulations, the Second Circuit does not require a slavish recitation of the factors where it is clear, as here, that the ALJ followed the regulations. *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004).

Plaintiff also argues that the ALJ gave improper weight to a non-treating source. Specifically, Plaintiff argues that the ALJ should not have given significant weight to the July 18, 2011, opinion of state agency medical consultant Dr. R. Petro (psychologist), because (1) the opinion was based solely on a review of documents, and (2) "Plaintiff did not even begin

8

psychiatry outpatient services with Dr. Asar until September 12, 2011." (Dkt. No. 13 at 13.) Therefore, Plaintiff argues, "[i]t is unclear what medical evidence [Dr. Petro] reviewed." However, in June of 2011, Plaintiff underwent a consultative examination with psychologist Dr. Christine Ransom, Ph.D. (T. 573-76.) Dr. Petro's report notes that he had access to the psychiatric consultative examination results. (T. 595.) Plaintiff admitted to Dr. Ransom that she had never had outpatient psychological treatment for her symptoms before. (T. 573.) It is, therefore, *not* unclear what medical evidence Dr. Petro reviewed: Dr. Petro based his opinion that Plaintiff did not have marked impairment on the consultative examination and the nonexistence of prior treatment.

Plaintiff cites *Vargas v. Sullivan* for the point of law that the opinions of "consulting physicians" who have never met Plaintiff should be given "limited weight." (Dkt. No. 13 at 14 [Pl.'s Mem. of Law], citing *Vargas v. Sullivan*, 898 F.2d 293, 295 [2d Cir. 1990].) That case, however, is based upon regulations that have since been amended and thus the point of law is no longer good. *See Medick v. Comm'r of Soc. Sec.*, 11-CV-0851, 2012 U.S. Dist. LEXIS 162764, at *26 (N.D.N.Y. June 21, 2012) ("Thus, the report of a consultative physician who does examine the plaintiff may override the treating physician's conclusory allegation that plaintiff can do 'no activity' if the consultant's report is supported by medical evidence in the record.") (Baxter, M.J.), *adopted*, 2012 U.S. Dist. LEXIS 161794 (N.D.N.Y Nov. 13, 2012) (Suddaby, J.).

Finally, Plaintiff argues that Dr. Ransom's consultative examination supports Dr. Asar's medical source statement and contradicts the ALJ's RFC determination. Dr. Ransom found that Plaintiff can follow and understand simple directions and instructions, maintain attention and concentration for simple tasks, maintain a simple regular schedule and learn simple new tasks.

9

(T. 575.) Dr. Ransom found that Plaintiff would have "moderate to marked" difficulty performing complex tasks, relating adequately with others, and appropriately dealing with stress. (*Id.*) However, because Dr. Ransom's opinion was vague and did not specify whether the limitation was moderate or marked, the opinion would support a finding of marked *or* a finding of moderate limitation.

For all these reasons, substantial evidence supports the weight the ALJ assigned to the opinions of Drs. Ransom, Asar, and Petro.

**B.     Whether Plaintiff's Limitations Meet or Equal a Listing**

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 21 at 5-8 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Plaintiff argues that her limitations meet or equal a listing, specifically, Listing 12.04, which concerns affective disorders. (Dkt. No. 13 at 11 [Pl.'s Mem. of Law].)

To meet Listing 12.04, a claimant must satisfy the diagnostic description in the introductory paragraph of 12.04, and meet the additional requirements of § 12.04(A) and (B), or § 12.04(C). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) ("If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, [the Commissioner] will find that your impairment meets [Listing 12.05]."); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. Thus, to meet Listing 12.04, a claimant must prove that he or she suffers from either continuous or intermittent affective disorder characterized by symptoms consistent with a depressive disorder, a manic disorder, or bipolar disorder, and that disorder must cause at least two of the following: (1) marked restriction of activities of daily living, (2)

marked difficulties in maintaining social functioning, (3) marked difficulties in maintaining concentration, persistence, or pace, or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.04.

Plaintiff argues that Dr. Asar's medical source statements from November 2012 and July 2014 show that her condition meets this listing. (Dkt. No. 13 at 12.) As discussed above in Part IV.A. of this Decision and Order, only the November 2012 opinion can be considered. That opinion found only marked limitations in Plaintiff's ability to "interact appropriately with co-workers" and "respond appropriately to changes in a routine work setting." (T. 721.) As discussed above in Part IV.A. of this decision and order, these two opinions were contradicted by other opinions in the same medical source statement, Dr. Asar's treatment notes, and Plaintiff's statements. Therefore, substantial evidence supports the ALJ's decision to disregard Dr. Asar's opinions and find that Plaintiff's condition does not meet or equal Listing 12.04.

### C. Whether the ALJ Erred in Determining Plaintiff's RFC

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 21 at 5-8 [Def.'s Mem. of Law].) To those reasons, the Court adds the following two points.

First, Plaintiff argues that the ALJ's failure to properly weigh medical source evidence makes the RFC determination invalid, and that Dr. Asar's medical source statements contradict the RFC that the ALJ found. (Dkt. No. 13 at 15 [Pl.'s Mem. of Law].) As discussed above in Part IV.A. of this Decision and Order, the November 2012 opinion is the only one of Dr. Asar's opinions that can be considered, and the medical evidence was properly weighed. The Court finds that the ALJ's RFC is supported by substantial evidence.

Second, Plaintiff argues that a proper RFC determination would make reliance on the Medical-Vocational Rules in 20 C.F.R. 404, Subpart P, Appendix 2 ("the grids") invalid. (*Id.* at 17.) Reliance on the grids is improper only when a claimant's nonexertional impairments "significantly limit the range of work permitted by [her] exertional limitations." *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986). For the reasons stated above in Parts IV.A. and IV.B. of this Decision and Order, the medical evidence does not support the argument that Plaintiff's mental disorders create more than minor to moderate limitations, and it does not indicate that the range of work otherwise available at Plaintiff's exertional level would be significantly limited. Therefore, the decision of the ALJ is supported by substantial evidence and must be affirmed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 21) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the Commissioner's determination is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED.</u>**

Dated: March 14, 2016
      Syracuse, New York

                                    Hon. Glenn T. Suddaby
                                    Chief U.S. District Judge